KUHN, J.,
concurring.
_JjI agree with the result to remand as a justifiable measure to insure that the record is complete for consideration of defendant’s excessive sentence claim. But I point out that defendant neither objected to, nor assigned as error in this appeal, the introduction of any “misleading or false information.” Clearly, defendant’s complaint is solely that the sentence was excessive because of the amount assessed against him, an issue that has not been addressed by our disposition of this appeal. A more accurate way of addressing this issue is to note that excessiveness cannot be considered unless there is evidence placed in the record about the amount of restitution owed and, if defendant wishes, his ability to pay such restitution. To hold that defendant has a “due process right to rebut false or misleading information” as justification for the remand is unnecessary. This holding implies that the moment of sentence is adversarial and suggests that *417 there is no need for a defendant to object to information as false or misleading because on review the courts of appeal will make that determination in order to ensure no denial of a defendant’s due process rights.
In cases such as this one where defendant did not complain when mandatory restitution was imposed, and did not object that any information provided was “false or misleading” insofar as the order of restitution, there is no need to review the record, as suggested by the plurality opinion, to ascertain whether “defendant’s due process right to rebut false or misleading information” has been violated. | gOtherwise, every time the trial court relies on a presentence investigation report (PSI), for example, in fashioning its sentence, the plurality’s holding suggests that this court has a duty to review “whether defendant’s due process right to rebut false or misleading information” was violated by the trial court’s reliance on the PSI. I agree that an evidentiary hearing should be held to address defendant’s ex-cessiveness claim and, accordingly, concur in the remand.